**Terry Lynn BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01021–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 1993.

Rehearing Denied June 3, 1993.

Discretionary Review Refused
Sept. 22, 1993.

Randy Schaffer, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Appellant was charged with the April 1, 1992, armed robbery of two Union Pacific Railroad employees. Appellant entered a plea of not guilty. The jury convicted appellant, and following his plea of true to two enhancement paragraphs, assessed punishment at sixty years confinement.

By three points of error, appellant claims the trial court erred in overruling his objections to the State's use of its peremptory challenges, and in instructing the jury that it had a duty to determine appellant's guilt or innocence. We affirm.

■ In his first two points of error, appellant raises a *Batson*[1] challenge. In passing upon the *Batson* challenge, we review the evidence adduced at the *Batson* hearing in the light most favorable to the trial court's ruling. *Williams v. State*, 804 S.W.2d 95 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). We will not overturn a trial judge's finding that the State exercised its strike(s) in a race neutral manner unless such ruling is clearly erroneous. *Whitsey v. State*, 796 S.W.2d 707, 720–23 (Tex.Crim.App.1989) (opinion on reh'g); *Williams v. State*, 804 S.W.2d at 101.

After both sides made their jury strikes, but before the jury was sworn, appellant objected to the State's use of its peremptory challenges to exclude juror nos. six and thirteen. Appellant requested the court to take judicial notice that the defendant was black and the two complainants were white. The trial court held a hearing to determine the State's reasons for striking veniremen six and thirteen. The prosecutor explained that he struck prospective juror no. six because he completed his juror information form incorrectly, by misspelling Baptist as "Bathis" indicating a lack of intelligence. In addition, the juror was employed as a stocker, an occupation of juror with which the prosecutor has had little success in the past. The prosecutor then explained that he struck juror no. thirteen because she appeared bored throughout the voir dire process, and because of her young age. The trial court found these to be race neutral reasons, and overruled appellant's motion.

Appellant's claim is that the trial court erred by permitting the State to exclude two black veniremen from the jury. Appellant argues that the racially neutral reasons offered by the State to explain its strikes were mere pretext, because several non-black veniremen possessing the same qualities were not stricken.

■ As recently noted by the Court of Criminal Appeals, "disparate treatment" cannot automatically be imputed in every situation where one of the State's bases for striking a venireperson would technically apply to another venireperson whom the State found acceptable. *Cantu v. State*, 842 S.W.2d 667, 689 (Tex.Crim.App.1992). The State's use of its peremptory challenges is not subject to rigid quantification. *Id.* Potential jurors may possess the same objectionable characteristics, yet in varying degrees. *Id.* The fact that jurors remaining on the panel possess one or more of the same characteristics as a juror that was stricken, does not establish disparate treatment. *Id.*

■ Young age constitutes a race-neutral explanation for the exercise of a peremptory strike. *Dutton v. State*, 836 S.W.2d 221, 225 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The State may also strike a prospective juror who appears inattentive during the voir dire process. See *Gambel v. State*, 835 S.W.2d 788, 790 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *Solomon v. State*, 830 S.W.2d 636, 637 (Tex.App.—Texarkana 1992, pet. ref'd). Where the prosecutor indicates that he has struck a prospective juror based on that juror's type of employment and that the prosecutor has had poor success with that type of worker, the reason is a race neutral explanation for exercising a peremptory strike. *Tompkins v. State*, 774 S.W.2d 195, 205 (Tex.Crim.App.1987). Finally, it is a racially neutral reason to strike a prospective juror where the juror makes mistakes on his juror information card. *Chambers v. State*, 724 S.W.2d 440, 442 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd) (where prospective juror misspelled "Baptist" on his juror information card); *Tompkins v. State*, 774 S.W.2d at 204–05 (where prosecutor had legitimate race neutral reason for striking a veniremember with poor literacy skills).

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

After considering the evidence in a light most favorable to the trial court's ruling, we find that its judgment was not clearly erroneous. Appellant's first and second points are overruled.

In his final point of error, appellant claims the trial court gave an erroneous instruction when it told the jurors that their "sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict [their] deliberations solely to the issue of guilt or innocence of the defendant." Appellant concedes that there was no objection to this point in the trial court, however, on appeal he argues that this instruction was not only an incorrect statement of the law, but also conflicted with the instruction on reasonable doubt. We do not agree.

To preserve error for appellate review, a party must timely object, stating the specific grounds for objecting unless the grounds are apparent from the context. TEX.R.APP.P. 52(a). Without a proper objection to the jury charge at trial, we reverse only if the defendant suffered egregious harm. *Michel v. State*, 834 S.W.2d 64, 68 (Tex.App.—Dallas 1992, no pet.); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g). That is, the defendant must claim that the error was so egregious and created such harm that he "has not had a fair and impartial trial." *Almanza*, 686 S.W.2d at 171. We review the alleged error in the charge by looking to the entire charge, the state of the evidence, the argument of counsel and any other relevant information contained in the record. *Almanza*, 686 S.W.2d at 171; *United States v. Fotovich*, 885 F.2d 241 (5th Cir.1989), *cert. denied*, 493 U.S. 1034, 110 S.Ct. 754, 107 L.Ed.2d 770 (1989).

The sentence in the charge to which appellant complains appears to be a commonly given instruction. The language used by the judge is found verbatim in the State Bar of Texas, Texas Criminal Pattern Jury Charges CPJC 0.05 (1975),[2] and follows the dictate of article 37.07 of our code of criminal procedure. Section 2(a) of article 37.07 provides that "[i]n all criminal cases, . . . tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense(s) charged, without authorizing the jury to pass upon the punishment to be imposed." TEX.CODE CRIM.PROC.ANN. art. 37.07 2(a) (Vernon 1981).

Reading the entire charge and viewing it in context, it is clear that the trial judge properly instructed the jury that the State had to prove guilt beyond a reasonable doubt and that the defendant was presumed to be innocent. Furthermore, both the closing argument for the State and the defense included reference to the fact that the jury must acquit the defendant unless it believed that the State proved its case beyond a reasonable doubt.

As the State points out, the trial court's instruction was simply informing the jury, in accordance with article 37.07, to consider only the guilt or innocence of the defendant and not the punishment. When viewed in this context, in light of this state's bifurcated submission,[3] the instruction appears appropriate. Thus, there was no error and appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** Similar language is also found in 8 Michael J. McCormick & Thomas D. Blackwell, *Texas Criminal Forms and Trial Manual* § 80.14 (Texas Practice 1985) ( . . . in determining the guilt or innocence of the defendant, you shall not discuss or consider the punishment. . . .).

**3.** The bifurcated trial requires two charges to the jury. Before argument begins on the issue

of guilt or innocence the trial judge shall deliver to the jury a written charge setting forth the law applicable to the case. TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1993).

At the punishment phase of trial, after the introduction of evidence has been concluded, the court shall give such additional instructions to the jury as may be necessary. TEX. CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981).