**L.D. MALONE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–93–00357–CR.**

Court of Appeals of Texas,
Houston, (14th Dist.).

Feb. 13, 1997.

Brian W. Wice, for appellant.

Alan Curry, Houston, for appellee.

MURPHY, C.J., and YATES and FOWLER, JJ.

## OPINION ON REMAND

FOWLER, Justice.

Appellant entered a plea of not guilty to possession of less than twenty-eight grams of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992).[1] The jury found appellant guilty and the trial court assessed punishment at imprisonment for seven years in the Institutional Division of the Texas Department of Criminal Justice. In a published opinion, this Court affirmed the conviction. Upon discretionary review, the Texas Court of Criminal Appeals held that this Court erred in addressing the issue of wheth-

er appellant made a prima facie case as a part of his motion under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because the prima facie issue was moot once the prosecutor offered explanations for striking the contested veniremembers, and the trial judge ruled on the ultimate question of intentional discrimination. *Malone v. State*, 919 S.W.2d 410, 412 (Tex.Crim.App.1996); *Staley v. State*, 887 S.W.2d 885, 897 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1366, 131 L.Ed.2d 222 (1995). On remand, we will review appellant's assertion that the trial court erred in permitting the prosecution to peremptorily strike two black veniremembers. We affirm.

In appellant's sole point of error, he asserts that the trial court erred in allowing the State to peremptorily strike Arthur Jones and Demetra Delaney, two black veniremembers. Specifically, appellant contends the prosecutor exercised the peremptory challenges against the prospective jurors solely because they were black and, in doing so, violated TEX.CODE CRIM. PROC. ANN. art. 35.261 (Vernon 1989) and failed to follow the United States Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

When appellant's *Batson* motion was made and overruled, the *Batson* hearing was held at the State's request. When defense counsel made her *Batson* motion, the trial judge stated on the record that of the seven black veniremembers, one was not reached, two were struck for cause, and two were seated on the jury. The prosecutor then argued that defense counsel had not shown a prima facie case of discrimination. The trial court overruled appellant's motion. After the jury was sworn and dismissed for the day, the prosecutor asked that she be allowed to explain on the record why she struck the contested jurors. The prosecutor offered the following reasons:

[Ms. Wayne]: The State exercised ten peremptories against venire persons in this

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02.

Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

case. Of those ten, two were exercised against persons who were Black or African American. First one against venire person No. 4, who, during the course of the voir dire for the Defense attorney, indicated that he needed to take a rest to use the bathroom to take a break for some medical reason. It was the thinking of the State that he might not be able to sit through the course of this trial.

The second one was venire person No. 23, who was nonresponsive to a question during the voir dire of the State, and made what I felt to be an inappropriate response to a question during the voir dire of the defense. And she was also very young. I would also note that we used that same reason to strike other venire persons who were not Black.

[Mr. Malanga]: May we note, Judge, there were only two persons on that jury between the ages of 18 and 20. That is the juror that she struck, No. 20, and Mr. Sutton, a White male, No. 39. He was age 19. And we also exercised a strike on Mr. Shelton, age being 20 or other, for the peremptory challenge.

[Court]: According to the record, as I saw it, there were only four possible jurors that were Black. And two of them were struck, two of them were left on.

.      .      .      .      .

[Mr. Malanga]: Judge, we would just like the Court to make a finding on the record, at this time, that he's heard the prosecutors reasons for the peremptory challenges in question, and that the peremptory challenges were made for racially neutral reasons.

[Court]: All right. Court so finds.

■ In reviewing the evidence adduced at the *Batson* hearing, we review the evidence in the light most favorable to the trial court's ruling. *Williams v. State,* 804 S.W.2d 95, 101 (Tex.Crim.App.), *cert. denied,* 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). We will not overturn a trial judge's finding that the State exercised its strikes in a race neutral manner unless such ruling is clearly erroneous. *Whitsey v. State,* 796 S.W.2d 707, 720–23 (Tex.Crim.App.1989) (op. on reh'g); *Williams,* 804 S.W.2d at 101.

■ Applying this standard to the trial court's ruling on dismissed venirepersons No. 4 and No. 23, we find no error. The prosecutor stated she struck venireperson No. 4 because she thought he might not be able to sit through the course of the trial due to his request to go to the restroom for some medical condition. The prosecutor feared that the venireperson could be distracted and unwilling to serve. Concern about the inattentiveness of a potential juror because of a medical condition or an inability to sit through the course of a trial because of the medical condition clearly does not relate to the potential juror's race.

■ Appellant's trial counsel asserts that the prosecutor failed to question venireperson No. 4 regarding her medical condition, however, as the State points out in its brief, venireperson No. 4 left when appellant's counsel was conducting voir dire, *after* the State had completed its voir dire. Appellant also objected that the State did not interact with No. 4 during its voir dire. Contrary to appellant's assertions, the State did question venireperson No. 4 to the extent that it found out that the person had served on a jury in a criminal trial which did not return a verdict. In any event, lack of meaningful questions to the challenged juror is a relevant factor for the court to consider, but is not dispositive. *Keeton v. State,* 749 S.W.2d 861, 868 (Tex. Crim.App.1988); *Gerber v. State,* 845 S.W.2d 460, 465 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

■ Apparently, appellant argues that any justification for a strike that does not implicate a veniremember's ability to be impartial or fair must necessarily be racially motivated. The logical result, if we accept appellant's argument, is that a prosecutor's justification for exercising a peremptory strike must rise to the level of a causal challenge for bias to defeat an allegation of racial motivation. *See Jones v. State,* 845 S.W.2d 419, 421 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We disagree and recognize that such a requirement would virtually eliminate the unique purpose of per-

emptory challenges, which may be exercised *for any reason whatsoever,* so long as the reason is not found to be a pretext for discrimination. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. The most fair and impartial juror may be inattentive, distracted, or otherwise unsuitable for service on a particular jury for any number of reasons unrelated to race. We believe the prosecutor's reasons were legitimately race-neutral in this case, and she was within her rights to strike venireperson No. 4 without offending the Constitution.

The State argues that venire-member No. 23, twenty years old, was challenged because the potential juror was non-responsive during the State's voir dire, made an inappropriate response to a question during appellant's trial counsel's voir dire and was very young. The prosecutor noted to the Judge "that there were only two persons on that jury between the ages of 18 and 20." The prosecutor told the judge that the State struck the other non-black member for the same reason. Young age constitutes a race-neutral explanation for the exercise of a peremptory strike. *Camacho v. State,* 864 S.W.2d 524, 528 (Tex.Crim.App.1993); *Barnes v. State,* 855 S.W.2d 173, 174 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). The State may also strike a potential juror who appears inattentative during the voir dire process. *Harrell v. State,* 882 S.W.2d 65, 67 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd); *Gambel v. State,* 835 S.W.2d 788, 790 (Tex.App.—Houston [14th Dist.] 1992, no pet.). After considering the evidence in a light most favorable to the trial court's ruling, we find that its judgment was not clearly erroneous. We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.