No. 04-99-00760-CR



Daniel HALL,


Appellant



v.



The STATE of Texas,


Appellee



From the 2nd 25th Judicial District Court, Guadalupe County, Texas


Trial Court No. 98-1428-CR


Honorable Gus J. Strauss, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: July 19, 2000


AFFIRMED


 The appellant, Daniel Hall, was charged with assault on a public servant. Hall was tried by
a jury, and the jury found Hall guilty. Hall elected punishment by the trial court and the trial court
sentenced Hall to 45 years in prison. On appeal, Hall contends that the trial court erred by denying
his objection to the jury after the State used its peremptory strikes to remove all black males that had
a probability of being placed on the jury.

 Hall relies on the U.S. Supreme Court's holding in Batson v. Kentucky, 476 U.S. 79 (1986). 
In Batson, the Supreme Court explained that the U.S. Constitution "prohibits all forms of purposeful
racial discrimination in the selection of jurors." Batson, 476 U.S. at 88. Under Batson a prosecutor
cannot use a peremptory strike against a venireman solely on account of race. Id. at 89. The Court
laid out a three-step test to evaluate objections to peremptory challenges: (1) The opponent of the
challenge must make out a prima facie case of racial discrimination. (2) If a prima facie case is
made, the burden of production shifts to the proponent of the strike to come forward with a
race-neutral reason for exercising the strike. (3) If a race-neutral explanation is given, the trial court
must then decide whether the opponent of the strike has proven purposeful discrimination. When
a criminal defendant makes the Batson challenge, the prosecutor must give a clear and reasonably
specific explanation of his legitimate reasons for exercising the strikes. See Purkett v. Elem, 514
U.S. 765, 767 (1995). When the prosecutor gives a race-neutral answer, the trial court must
determine whether or not the neutral answer is actually a sham or pretextual answer given to avoid
the prohibition against strikes based on race. Holt v. State, 912 S.W.2d 294, 297 (Tex. App.­San
Antonio 1995, pet. ref'd).

 In determining whether the defendant has met his burden of proving purposeful
discrimination, the trial court considers such factors as: (1) whether the reasons the State provided
for striking a venireman are related to the facts of the case; (2) whether the prosecutor failed to
question the challenged juror or ask meaningful questions; (3) whether persons with the same or
similar characteristics as the challenged juror were not struck; (4) whether members of the venire
were questioned in a disparate manner; and (5) whether the prosecutor's explanations were based
on group bias where the group trait is not shown to apply to the challenged juror specifically. See
Keeton v. State, 749 S.W.2d 861, 867 (Tex. Crim. App.1988).

 A court of appeals reviews a trial judge's ruling on a challenge to the State's use of
peremptory challenges to determine whether the ruling was "clearly erroneous." Whitsey v. State,
796 S.W.2d 707, 726 (Tex. Crim. App. 1989) (op. on reh'g). To determine whether the ruling was
"clearly erroneous," the court of appeals must review the record to determine if it is "left with the
'definite and firm conviction that a mistake has been committed.'" Hill v. State, 827 S.W.2d 860,
865 (Tex. Crim. App.1992). After considering the factors used to determine whether Hall met his
burden to prove purposeful discrimination, we are not left with a definite and firm conviction that
a mistake was committed.

 Hall objected to the State's use of peremptory strikes against Veniremen Douglas, Sawyer,
and Savage. When Hall objected to the State's use of its peremptory strikes, the prosecutor conceded
that Hall had made a prima facie showing that the State had used its strikes to eliminate black males
from the jury and then testified about his reasons for striking the particular veniremen. The
prosecutor testified that he struck Douglas because Douglas stated during voir dire that he knew
Hall's daughter and that he had gone to school with her. The prosecutor further explained that he
had also struck an Anglo male venireman who also stated during voir dire that he knew the
defendant. The prosecutor also stated that he routinely struck veniremen under the age of 30 and that
Douglas was 23 years old. Striking a venireman who knows the defendant and his family is a
permissible, race-neutral reason for using a peremptory strike. See Thornton v. State, 925 S.W.2d
7, 11 (Tex. App.­Tyler 1994, pet. ref'd). Although Hall asks us to recognize age as an
impermissible basis for using a peremptory strike, age is not an impermissible reason for exercising
a peremptory strike. See Ealoms v. State, 983 S.W.2d 853, 856-57 (Tex. App.­Waco 1998, no pet.;
Barnes v. State, 855 S.W.2d 173, 174 (Tex. App.­Houston [14th Dist.] 1993, pet. ref'd).

 In regard to Venireman Sawyer, the prosecutor testified that Sawyer was the only venireman
who had a family member that had been accused of a violent crime and that he (the prosecutor)
believed that people who have family members accused of violent crimes are more sympathetic to
defendants. The prosecutor explained that he had also struck the only other venireman who had a
relative who had been accused of a violent crime and that he was also under the age of 30. Striking
someone because he has a family member who had been accused of a crime is a race-neutral reason
for striking that person from the venire. See Ealoms, 983 S.W.2d at 856.

 The prosecutor also testified that he struck Venireman Savage because Savage told him
during voir dire that some police officers go too far. He further explained that the facial expressions
and body language he observed during voir dire indicated to him that Savage was predisposed to
believe that the police officers had overstepped their bounds. Dislike of a venireman's attitude and
body language are race-neutral explanations for striking a person from the venire. See Ingram v.
State, 978 S.W.2d 627, 630 (Tex. App.­Amarillo 1998, no pet.).

 Once the State established these race-neutral explanations for exercising its peremptory
strikes, the burden shifted to Hall to prove that the prosecutor's explanations were pretextual reasons
given to avoid the prohibition against strikes based on race. See Holt, 912 S.W.2d at 297. Hall,
however, failed to prove purposeful discrimination. Instead, Hall merely argued that the State's
explanations did not rise to the level of being completely race neutral. Despite this position, the
prosecutor questioned all veniremen in essentially the same way. See Keeton, 749 S.W.2d at 867. 
Nothing in the prosecutor's manner of questioning would have provoked a certain response to
disqualify a certain juror. Id. at 867. Additionally, the State's reasons were related to the facts of
the case. Id. at 865. Because Hall did not prove purposeful discrimination, we are not left with a
definite and firm conviction that a mistake has occurred. Hill, 827 S.W.2d at 865. Accordingly, we
overrule his issue on appeal and affirm the judgment of the trial court.

 Alma L. López, Justice

DO NOT PUBLISH