Affirmed and Opinion filed April 3, 2003















Affirmed and
Opinion filed April 3, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00272-CR

_______________

 

DANTE LEE
BRAZILE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 873,975

__________________________________________________

 

M E M O R A N D U M 
O P I N I O N

            Appellant, Dante Brazile,
appeals his conviction for aggravated robbery. 
In his sole point of error, he contends the trial court erroneously
denied his Batson challenge.  We affirm.

Background

            After voir
dire, the State used a peremptory strike to excuse venire member #21, an
African-American female.  Appellant then
lodged a Batson challenge because the
State had not asked this venire member a single question during voir dire.  The
prosecutor replied that she struck venire member #21 because she was a United
 States postal worker.  The prosecutor stated that in her experience,
postal workers are not good State’s jurors because they are at times “a bit
liberal.”  Further, the prosecutor said
that she “just didn’t feel comfortable with her as a juror.”  Appellant offered no rebuttal to these
explanations.  The court found the
offered explanations race-neutral and, therefore, denied the Batson challenge.

Batson Challenge

            In Batson v. Kentucky, 476 U.S. 79, 96–97
(1986), the Supreme Court held that race-based peremptory challenges violate an
accused’s right to equal protection.  There are three steps to a Batson challenge: (1) the accused’s prima facie showing of purposeful discrimination;
(2) the State’s production of race-neutral explanations for its challenges; and
(3) the accused’s showing that these explanations are
merely a pretext.  Purkett v. Elem, 514 U.S. 765,
766–67 (1995); see also Batson, 476 U.S. at
97.  The trial court’s ruling on a Batson challenge is accorded great
deference and will not be overturned on appeal unless it is clearly
erroneous.  See Chamberlain v. State, 998 S.W.2d 230, 236
(Tex. Crim. App. 1999).  Under this standard, the trial court’s ruling
is found clearly erroneous only if no plausible basis exists to support
it.  See Whitsey v.
State, 796 S.W.2d 707, 721–22 (Tex. Crim. App.
1990) (op. on reh’g).  In order to find the trial court’s decision
clearly erroneous, we must be left with a “definite and firm conviction that a
mistake has been committed.”  Vargas v. State, 838
S.W.2d 552, 554 (Tex. Crim. App. 1992).

            First, we need not address whether
appellant made a prima facie case: “[O]nce the State[
] offers explanations for striking the contested veniremembers,
and the trial judge rules on the ultimate question of intentional
discrimination, the issue of whether the defendant made a prima facie case is
moot and, therefore, not subject to appellate review.”  Malone v. State, 919 S.W.2d 410, 412 (Tex. Crim.
App. 1996).  In evaluating the
second step, the State’s explanation will be deemed neutral unless a
discriminatory intent is inherent.  Hernandez v. New York, 500 U.S. 352, 360 (1991).  Appellant
argues that striking a venire member on the basis of employment is not
race-neutral.  However, we have held that
striking a venire member based upon their type of employment and the
prosecutor’s poor success with that type of worker “is a race neutral
explanation for exercising a peremptory strike.” Barnes v. State, 855 S.W.2d 173, 174
(Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).  We have also held that Batson challenges are subject to principles of ordinary procedural
default.  Flores v. State, 33 S.W.3d 907, 926 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d); see also Marin v. State, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993) (explaining forfeitable rights), overruled in part on other grounds by Cain
v. State, 947 S.W.2d 262 (Tex. Crim. App.
1997).  Because the
burden of persuasion is on the party opposing the strike, “failure to offer any
real rebuttal” to the State’s facially neutral explanation renders the claim
untenable.  Johnson v. State, 68 S.W.3d 644, 649 (Tex. Crim.
App. 2002); see Ford v. State, 1
S.W.3d 691, 693–94 (Tex. Crim. App. 1999) (where
appellant failed to prove the explanation was a pre-text when he failed to
cross-examine the prosecutor and did not offer evidence rebutting the
explanation).  Here, appellant offered no
evidence rebutting the State’s race-neutral explanations for the strike.  Because appellant failed to refute the
State’s reasons, appellant forfeits review of this issue on appeal.  Flores, 33 S.W.3d at 926.  Accordingly, appellant’s sole point of error
is overruled, and the judgment of the trial court is affirmed.  

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed April 3,
 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).