Affirmed and Memorandum Opinion filed January 8, 2009








Affirmed and Memorandum Opinion filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-07-00241-CR

____________

 

KENNETH GERHART ANDREW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No.  1058171

 



 

M E M O R A N D U M   O P I N I O N

Kenneth Gerhart Andrew was convicted of aggravated sexual
assault of a child and sentenced to confinement for thirty-five years in the
Texas Department of Criminal Justice, Institutional Division.  Andrew appeals
his conviction, asserting that the trial court erred in instructing the jury
and that the trial evidence was factually insufficient to support the verdict.
We affirm.

 








I.                   
Factual and Procedural Background

One evening in December 2003, the complainantCwho was  twelve years old
at the timeCwas at
home eating dinner with her sister and brothers.  Her adoptive mother, Ruby
Morris, was in the hospital at that time with a heart ailment.  Her adoptive
father had died several years earlier.  According to complainant=s testimony, the appellant,
her mother=s second
husband, came home from work between 6:30 p.m. and 7:00 p.m.  The appellant
walked through the dining area and asked the complainant to come into his
bedroom.  The complainant then followed appellant into his bedroom.  The
complainant testified that appellant placed his keys on a nightstand, picked up
a pillow,  and then closed the bedroom door, placing the pillow against the
crack under the door.  The appellant then turned out the lights and locked the
deadbolt lock on the bedroom door.  According to the complainant, appellant
then walked across the dimly lit room, and sat down on a rocking chair.  The
complainant heard what she described as a Azipper@ sound just before
appellant sat down.  Then, according to the complainant, appellant asked her to
get on her knees and perform oral sex on him.  At trial, the complainant
described how she walked across the room, knelt before the appellant, and then
took his penis into her mouth.  The complainant testified that, after several
minutes, she got up and went to leave the room.  At that point, appellant told
her not to tell anyone of the encounter.  She then unlocked and opened the
bedroom door before walking upstairs.  








The complainant further testified that a few months
later she told her niece of her encounter with the appellant.[1] 
The complainant said that, despite the encouragement of her niece to tell
someone about the incident, her fear of the appellant kept her from wanting to
tell anyone else.  Nonetheless, the niece went to the complainant=s mother and told her of
the incident.  Later, the complainant herself discussed the incident with her
mother.  The complainant=s
mother then confronted appellant on the matter, and he denied it.  Almost two
years later, and after her mother had died, the complainant told her older
sister of the incident.  The older sister called the police to report the
incident, and an investigation ensued. 

Appellant was indicted on the charge of aggravated sexual
assault of a child under the Texas Penal Code.  The case was tried to a jury
wherein appellant was convicted and sentenced to thirty-five years= confinement in prison. 
Appellant then filed this timely appeal. 

II.                
Analysis

A.                
Jury Charge

Appellant=s
first and second issues on appeal involve the jury charge. Appellant claims
that the trial court erroneously charged the jury when it instructed the jury
to Adetermine whether
Appellant was guilty or innocent.@ 
Appellant asserts that this instruction shifted the burden of proof at trial
from the State to appellant.  Specifically, appellant objects to the following
paragraph of the jury charge:

Your sole duty at this time is to
determine the guilt or innocence of the defendant under the indictment in this
cause and restrict your deliberations solely to the  issue of guilt or
innocence of the defendant.

An appellate court=s
first duty in evaluating a jury charge issue is to determine whether error
exists.  Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003);
Lee v. State, No.  14-06-00208-CR, 2007 WL 2183111, at *2 (Tex. App.CHouston [14th Dist.] July
31, 2007, pet. ref=d)
(mem.  op., not designated for publication).  Then, if error is found, the
appellate court should analyze that error for harm.  Middleton, 125
S.W.3d at 453; Lee, 2007 WL 2183111, at *2.  We review the alleged error
in the charge by looking to the entire charge, the state of the evidence, the
arguments of counsel, and any other relevant information contained in the
record.  Olivas v.  State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006);  Barnes
v. State, 855 S.W.2d 173, 175 (Tex. App.CHouston
[14th Dist.] 1993, pet. ref=d). 









In the case before us, the jury charge stated no less
than six times that, in order to convict the appellant, his guilt must be
proven beyond a reasonable doubt.  This point was amplified for the jury when
appellant=s own
counsel stated during closing argument, AAnd
you=ll see in the jury
charge over and over again that the burden of proof rests with the State and it
never shifts to the defendant.@ 
Finally, the charge expressly states that the appellant was not required to
prove anything at all. 

The statement to which the appellant objects was the
next-to-the-last paragraph of a six-page jury charge.  The language at issue
merely conforms to the statutory requirement of Texas Code of Criminal
Procedure art. 37.07, section 2(a) that, in a felony trial, the judge first
must submit the guilt or innocence issue to the jury before authorizing any
consideration of punishment.  See Act of May 29, 2005, 79th Leg., R.S.,
ch.  660, _ 1, 2005  Tex. Gen.
Laws 1641, amended by Act of May 18, 2007, 80th Leg., R.S., ch.  593, __ 3.14 & 3.15, 2007 Tex. Gen.
Laws 1120, 1133 (current version at Tex. Code Crim. Proc. Ann. art. 37.07, _ 2(a) (Vernon Supp. 2008)).[2]









 This court has declined to find error in similar jury
instructions before, and we do so again in this case.  See Barnes, 855
S.W.2d at 175 (instruction telling jurors that their Asole duty at this time is to determine the
guilt or innocence of the defendant under the indictment@ was appropriate, in light of state=s bifurcated submission); Avila
v. State, 15 S.W.3d 568, 576B77
(Tex. App._Houston [14th Dist.]
2000, no pet.) (jury charge restricting deliberations Asolely to the guilt or innocence of the
defendant@ did not
impermissibly place burden on defendant to prove his innocence).  AAs demonstrated by an
examination of the entire charge which instructs the jury that the defendant
did not have to prove his innocence, the burden of proof for the State was not
changed by the challenged language in the charge, and no burden was placed on appellant
to prove his innocence.@
Avila, 15 S.W.3d at 576B77. 
Consequently, it was not error for the trial court to submit a charge to the
jury instructing them to restrict their deliberations to the guilt or innocence
of the defendant.  See id.  at 577.  Appellant=s first and second issues are overruled.

B.                
Factual Sufficiency

In his third issue on appeal, the appellant contends
that the evidence is factually insufficient to support his conviction for
aggravated sexual assault of a child.  Specifically, he argues that the proof
was insufficient to implicate him in the charged offense.

When
reviewing a factual‑sufficiency challenge, we view all the evidence
neutrally.  Pyeatt v. State, No. 14-07-00272-CR, 2008 WL 442580, at *2
(Tex. App.CHouston [14th Dist.] Feb. 19, 2008, pet. ref=d) (mem.  op., not designated for
publication); see also Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim.
App. 1997).  We especially discuss and examine the specific evidence that the
appellant contends undermines the jury=s verdict.  Pyeatt, 2008 WL
442580 at *2; see also Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003).  We may set aside the verdict if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, or if the verdict is against
the great weight and preponderance of the evidence.  Watson v. State,
204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006); Pyeatt, 2008 WL 442580 at
*2.  We may disagree with the jury=s conclusions; however, we must avoid
substituting our judgment for that of the jury, particularly in matters of
credibility.  Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005); Pyeatt, 2008 WL 442580 at *2.








A person commits aggravated sexual assault of a child if he
intentionally and knowingly causes the penetration of the mouth of the
complainant with his sexual organ when the complainant is a child younger than
fourteen years of age and not the person=s spouse.  See Tex.
Penal Code Ann. _ 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp.  2008).  On
appeal, appellant disputes the evidence presented against him on the basis that
(1) the only direct evidence against him was the testimony of the now fifteen-year-old
complainant; and (2) the complainant=s testimony A[made] no sense.@

Specifically, the appellant points to elements of the complainant=s testimony
wherein she stated that during the alleged assault: neither she nor the
appellant moved at all; nothing came out of the appellant=s penis; the
appellant never moved his hands from the rocking chair=s armrests; the
complainant never looked at the appellant=s private area;
the complainant=s eyes were closed the entire time; the
appellant never touched her; and that the complainant ended the incident when
she just decided to stop, at which time she got up and unlocked door.  The
appellant further highlights the complainant=s testimony at
trial that she had learned about oral sex from reading articles in Seventeen
magazine.  Based on this testimony, the appellant argues that the
complainant must have invented her testimony based on the Aone-dimensional
pages of Seventeen magazine,@ rather than any
actual encounter with appellant.  Principally, the appellant asserts that the
complainant=s description of the alleged incident denies its
reality, placing it Abeyond the realm of believability.@

The uncorroborated testimony of a sexual assault victim
under fourteen years of age alone is sufficient to support a conviction for
aggravated sexual assault of a child.  See Tex. Code Crim. Proc. art.
38.07(a) (Vernon 2005); Grays v.  State, No.  14-07-00742-CR, 2008 WL
2746078, at *4 (Tex. App.CHouston [14th Dist.] July 15, 2008, pet.
ref=d) (mem. op., not
designated for publication).  However, for the victim=s uncorroborated
testimony to be sufficient to sustain a conviction, the victim must have
informed any person, other than the defendant, of the offense within one year
after the date on which the offense is alleged to have occurred. See Tex.
Code Crim. Proc. art. 38.07(a); Grays, 2008 WL 2746078, at *4 n.5.  In
this case, the complainant testified that she told her niece about the incident
only a few months after the event took place.  Therefore, no further
corroboration of the complainant=s testimony was
required.








The trial transcript reveals that, during her testimony,
the complainant described the specific circumstances of the incident four times
in varying levels of detail.  The complainant testified to the following:
appellant instructed her to perform oral sex on him; appellant opened his
trousers, making his penis available to her; complainant put appellant=s penis into her
mouth; and complainant was twelve years old at the time.  The complainant=s testimony
sufficiently described acts which could satisfy the elements of the charged
offense.  See Tex. Penal Code Ann. _ 22.021(a)(1)(B)(ii), (a)(2)(B). 
Appellant argues that the complainant=s descriptions of
these acts defy believability.  However, complainant was subjected to vigorous
cross-examination by appellant=s trial counsel.  As a result, appellant
had the opportunity to expose any credibility issues at trial, as well as any
motives for the complainant=s testimony. 

We are mindful that we must exercise appropriate deference
to the jury=s credibility determinations, to avoid substituting
our judgment for that of the jury.  Grays, 2008 WL 2746078, at *4; see
also Drichas, 175 S.W.3d at 799; Watson, 204 S.W.3d at 414.  Here,
the jury was free to evaluate her testimony and believe some, all, or none of
it.  See Grays, 2008 WL 2746078, at *4; see also Williams v. State,
226 S.W.3d 611, 615 (Tex. App._Houston [1st Dist.] 2007, no pet.) (citing
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)).  Thus,
considering the evidence in a neutral light, we cannot say that the evidence is
so weak as to make the verdict clearly wrong and manifestly unjust.  Nor can we
say that the verdict is against the great weight and preponderance of the
evidence.  The evidence supporting the verdict is therefore factually
sufficient.  See Watson, 204 S.W.3d at 414B15; Grays, 2008
WL 2746078, at *2. We overrule appellant=s third issue. 

 

 

 








III.              
Conclusion

Having overruled appellant=s
three issues, we affirm the trial court=s
judgment.

 

 

 

 

 

/s/         Jeffrey
V. Brown

Justice

 

 

 

 

Panel consists
of Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex.  R.  App.  P.  47.2(b).

 

 









[1]  The complainant=s
niece, the daughter of complainant=s
much-older adoptive sister, is actually older than the complainant.





[2]  Appellant was convicted on March 2, 2007, under the
prior version of the statute.  However, there are no material differences
between the prior and existing versions of the relevant section.