

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00051-CR

JEFFREY MONK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17-F-0013-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In Jeffrey Monk's trial on a charge of terroristic threat,[1] he did not object to the jury charge. After Monk's conviction, he appeals, claiming reversible error in the trial court's jury instruction that the jury should "confine [its] deliberations solely and strictly to [Monk's] guilt or innocence." Monk argues that the instruction improperly shifted the burden of proof, requiring him to prove his own innocence. Because we disagree, we affirm the trial court's judgment.

We employ a two-step process in our review of alleged jury charge error. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id*. (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

---

[1]*See* TEX. PENAL CODE ANN. § 22.07(6) (West Supp. 2018). The prosecution alleged Monk threatened to murder someone with the intent of influencing the conduct or activities of the United States Social Security Administration in Texarkana.

Monk complains of this instruction in the jury charge: "At this stage of the proceeding you will *confine your deliberations solely and strictly to the guilt or innocence of this defendant*, and you will not under any circumstances discuss the possibility of punishment."[2] (Emphasis added.) We find no error in the court's charge.

"In all criminal cases . . . tried before a jury on a plea of not guilty, the judge shall . . . submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (West Supp. 2018). That is essentially what the challenged instruction did, while the rest of the charge included language making clear that the State bore the burden of proof. The jury was instructed it could find Monk guilty of the charged offense only on a finding of all the alleged elements beyond a reasonable doubt. Failing that, the jury was to find Monk not guilty and consider a lesser-included offense. It was further admonished, "All persons are presumed innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." The instruction added that the "burden of proof in all criminal cases rests on the State throughout the course of the trial and never shifts to the defendant." Reading the entire charge in context, it is clear the jury was instructed on the law applicable to the case.[3] The jury, presumed to follow instructions from the trial court, could not have convicted Monk without finding that the State met its burden by proving every element of the charged offense beyond a reasonable doubt. The charge did not shift the burden to Monk to prove anything, much less his innocence.

[2]The italicized language is the source of Monk's complaint. We present the entire sentence for the sake of context.

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 36.14.

3

Monk's argument, or a close facsimile, has been rejected by at least two of our sister courts. *See Avila v. State*, 15 S.W.3d 568, 575–77 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Flores v. State*, 920 S.W.2d 347, 356–57 (Tex. App.—San Antonio 1996, pet. dism'd); *Barnes v. State*, 855 S.W.2d 173, 175 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). In each of these cases, the reviewing court noted the similarity between the language charging the jury to "determine the guilt or innocence"[4] of the accused and the text of Article 37.07, Section 2(a), of the Texas Code of Criminal Procedure, as well as the presence of other language in the charge noting the State's burden of proof beyond a reasonable doubt and the defendant's presumption of innocence. *Avila*, 15 S.W.3d at 576; *Flores*, 920 S.W.2d at 357; *Barnes*, 855 S.W.2d at 175. Each of the three decisions found no error in the applicable jury charge. *Avila*, 15 S.W.3d at 577; *Flores*, 920 S.W.2d at 357; *Barnes*, 855 S.W.2d at 175.

Here, the language instructing the jury to determine Monk's guilt or innocence is consistent with the language in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a). The charge clearly provided that the jury could convict Monk only if it was unanimous in finding that all elements of the charged offense were proven beyond a reasonable doubt. And the charge instructed the jury, "All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." It added, "The burden of proof in all criminal cases rests on the State throughout the course of the trial and never shifts to the defendant." There was no error in the trial court's charge.

---

[4]*Avila*, 15 S.W.3d at 575; *Flores*, 920 S.W.2d at 356; *Barnes*, 855 S.W.2d at 175.

Monk acknowledges the above holdings of our sister courts. He attempts to distinguish those holdings by arguing that, after those cases were decided, the Texas Criminal Pattern Jury Charges were amended in 2011.[5] He cites or quotes at length from the pattern jury charges. He finds error in the following differences between the pattern jury charges' suggested language versus that found in the trial court's charge. He argues that the trial court should have told the jury its "sole duty . . . [was] to determine whether the defendant [had] been proved guilty." *See* STATE BAR OF TEXAS, TEXAS CRIMINAL PATTERN JURY CHARGES—CRIMES AGAINST PERSONS § C2.1 (2011). Similarly, he complains that the trial court's charge did not tell the jury that its verdict must either be guilty or not guilty. *Id*. at 35.

Monk also takes issue with the trial court's language regarding the presumption of innocence. The trial court instructed as follows:

> All persons are presumed to be innocent, and no person may be convicted of an offense unless each element is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, indicted for, or otherwise charged with, the offense give rise to no inference of guilt at his trial.

> A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing on the issue of guilt by the defendant. The burden of proof in all criminal cases rests on the State throughout the course of the trial and never shifts to the defendant.

The pattern jury charge would instruct as follows:

> The defendant is presumed innocent of the charge. All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. Unless the jurors are satisfied

---

[5]STATE BAR OF TEXAS, TEXAS CRIMINAL PATTERN JURY CHARGES—CRIMES AGAINST PERSONS §§ C1.6.1; C2.1 (2011).

beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case, the presumption of innocence alone is sufficient to acquit the defendant.

STATE BAR OF TEXAS, TEXAS CRIMINAL PATTERN JURY CHARGES—CRIMES AGAINST PERSONS § C2.1 (2011).

Other than pointing out the above language difference, Monk provides no authority to compel a finding that the trial court erred in any of the language it used in instructing the jury.[6] We find the language differences to be immaterial. Reviewing the charge as a whole, we find that it authorizes "a conviction under conditions specified by other [abstract] paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers." *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).

Since the trial court did not err as Monk asserts, there is no need of a harm analysis. We overrule Monk's point of error and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:      September 19, 2018
Date Decided:        October 12, 2018

Do Not Publish

---

[6]Although of great assistance, the pattern jury charges do not carry the weight of law; they are secondary sources. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 n.7 (Tex. 1981); *H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199 (Tex. App.—San Antonio 1996), *aff 'd*, 985 S.W.2d 22 (Tex. July 14, 1998).