MASON & HANGER—SILAS MASON COMPANY, INC., Plaintiff-Appellant,

v.

METAL TRADES COUNCIL OF AMARILLO, TEXAS AND VICINITY, AFL–CIO, Defendant-Appellee.

No. 83–1568
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1984.
Rehearing Denied March 7, 1984.

Gibson, Ochsner & Adkins, S. Tom Morris, Amarillo, Tex., for plaintiff-appellant.

O.R. Buddy Wright, Amarillo, Tex., for defendant-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant, Mason & Hanger, originally brought this suit in the state court, and it was removed to the United States District Court by appellee, Trades Council. The suit is to set aside a portion of a labor arbitrator's award. 29 U.S.C. § 185 and 28 U.S.C. § 1441. The district court refused to set aside that portion of the award which was the subject of appellant's objection, and appellant appeals.

Appellant shut down its Pantex Plant in Amarillo, Texas, from December 24, 1979, through January 1, 1980. The Trades Council filed a grievance in accordance with the collective bargaining agreement claiming that appellant had no right to shut down the plant and also making certain specific claims. After being denied relief through the grievance procedure, the Trades Council took the matter to arbitration in accordance with the contract. The arbitrator in his award held that the company did have the right under the contract to close down the plant at the time in question. He also held, however, that those employees who were on sick leave at the time the plant was shut down were nevertheless entitled to sick leave benefits under the contract. This is the portion of the award which appellant challenges and sues to set aside.

It is now almost trite to state, and both parties agree, that the courts have no authority to set aside an arbitration award which "draws its essence from the collective bargaining agreement." *United Steel Workers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1,* 611 F.2d 580, 583 (5th Cir.1980).

We do not set out the terms of the contract, nor do we parse the reasoning of the arbitrator which is at issue. That is not within our authority. It is sufficient to say that it is clear in this case this arbitrator's award is based upon the arbitrator's *interpretation of the agreement.* He applied the precise wording of certain provisions having to do with dental benefits to other provisions having to do with sick leave benefits to draw his conclusion that the contract required the payment of sick leave benefits during the period the plant was shut down.

We have no authority at all to second guess this interpretation. The important thing is that his decision was without question based upon the provisions of the collective bargaining agreement. That is all that is required by the "draw its essence" test. If this were not so, the courts would be in the business of themselves interpreting and applying collective bargaining agreements when the parties have undertaken by contract to submit the dispute to an arbitrator. This would violate the well-established national policy of encouraging the settlement of labor-management disputes by arbitration. *Johns-Manville Sales Corp. v. Int'l Ass'n of Machinists, Local Lodge 1609,* 621 F.2d 756, 758 (5th Cir.1980).

The meaning of the proper requirement that the arbitrator's award must draw its essence from the collective bargaining agreement is well demonstrated by contrasting this case with our decision in *W.R.*

*Grace & Co. v. Local Union No. 759,* 652 F.2d 1248 (5th Cir.1981), *affirmed,* —— U.S. ——, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). In that case we held that an arbitrator's award was properly considered not to be binding under a later arbitrator's award because it did not draw its essence from the collective agreement. The arbitrator in that case made no pretense of applying the collective contract at all. He did not even refer to it or its provisions. Instead, he made his award, admittedly, solely on the basis of "fairness". In contrast, arbitrator Goodstein obviously used the interpretation and application of the words of the collective bargaining agreement as the sole justification for his decision. Whether his interpretation and application of those contract words is correct or not is an issue which is wholly outside of the authority which we as a court have in a case in which one of the parties undertakes to set aside an arbitration award.

■ Appellant also raises the issue that the district court abused its discretion in not granting appellant's motion for a default judgment. Appellant sought a default judgment because of delays by the Trades Council in filing an answer. Four days after appellant filed the motion for default judgment, the Trades Council filed a general denial. The district court denied appellant's motion for a default judgment without a hearing on the ground that "defendant has subsequently filed an answer."

Appellant has not made any showing of prejudice as a result of defendant's delays. The court in its discretion decided that a default judgment, generally disfavored in the law, should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. The court could have entered a default judgment but chose not to do so. We do not find an abuse of discretion.

We have concluded that the labor arbitration award challenged by appellant is an award which must stand against the narrow authority courts have to set aside such awards. We also find it within the discre-

tion of the court to deny the motion for default judgment.

AFFIRMED.