UNITED STATES of America,
Plaintiff–Appellee,

v.

William Joseph FOTOVICH,
Defendant–Appellant.

No. 88–6051

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1989.

---

Roland Dahlin, Federal Public Defender, Thomas S. Berg, Asst. Federal Public Defender, Houston, Tex., for Fotovich.

Paula Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for U.S.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

William Joseph Fotovich was convicted in June 1988 on one count of fraud by wire, in violation of 18 U.S.C. § 1343, two counts of fraud by mail, in violation of 18 U.S.C. § 1341, one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of transportation of stolen goods, in violation of 18 U.S.C. § 2314.

Fotovich argues that the following instruction by the trial judge, to which he timely objected, constituted reversible error: "Now, remember that you're here only to decide the guilt or innocence of Mr. Fotovich." Fotovich argues that it was confusing "to give the jury the task of finding guilt or innocence instead of guilt or failure to prove guilt." Fotovich does not raise any other errors on appeal.

■ Fotovich's argument is without merit. We review the alleged deficiency in the jury charge by looking to the entire charge in the total context of trial including arguments made to the jury. *United States v. Chagra,* 807 F.2d 398, 402 (5th Cir.1986), *cert. denied,* 484 U.S. 832, 108 S.Ct. 106, 98 L.Ed.2d 66 (1987).[1]

■ Reading the entire charge and looking at its use at trial makes it clear that the trial judge properly instructed the jury that

the government had to prove guilt beyond a reasonable doubt and that Fotovich was presumed to be innocent. The government's closing argument included reference to the fact that the jury would have to believe that the government proved its case beyond a reasonable doubt, as did the closing argument on behalf of Fotovich. Additionally, Fotovich's counsel argued to the jury that "[w]e don't have to show you that he's innocent or he's a little bit innocent or whatever. The duty is upon them to show you beyond any reasonable doubt that he's in fact guilty...."

Furthermore, the sentence in the charge to which Fotovich objected, when viewed in context, is appropriate. The trial judge said:

Now, remember that you're here only to decide the guilt or innocence of Mr. Fotovich. You're not here to try anybody else. You're not here to decide whether or not anybody else is guilty or not. The only question is, is he guilty.

The language used by the trial judge is found almost verbatim in the Pattern Jury Instructions prepared by the Fifth Circuit District Judges Association:

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence of this case. The Defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a Defendant in this case.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions: Criminal Cases, p. 26 (1983); *see also id.* at 27, 47, 178, 191. *Cf. United States v. Johnson,* 575 F.2d 1347, 1367 (5th Cir.1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979) ("The trial court properly instructed the jury that they were to determine the guilt or innocence of each defendant based only upon the evidence against that defendant").

___

1. Where no objection has been made to the jury charge, this court has already determined that such an instruction is not plain error. *United*

*States v. Hernandez–Palacios,* 838 F.2d 1346, 1350–51 (5th Cir.1988).

There was no deficiency in the trial court's instructions to the jury.

AFFIRMED.