IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-40966
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VAL ROY HAMLIN,

Defendant-Appellant.

———————————————
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-96-CR-36-1
———————————————
November 28, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Val Roy Hamlin appeals his conviction for conspiracy to possess with intent to distribute 17 kilograms of cocaine.

Hamlin argues that the district court abused its discretion by rejecting a plea agreement based on the court's violation of the attorney-client privilege. The district court did not violate the attorney-client privilege and did not abuse its discretion in rejecting the plea agreement. United States v. Crowell, 60 F.3d 199, 205-06 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hamlin argues that the district court abused its discretion by instructing the jury that Hamlin had raised the affirmative defense of withdrawal from the conspiracy and that Hamlin had the burden of showing that he completely withdrew. Hamlin's counsel requested the instruction, which was indistinguishable from the Fifth Circuit pattern instruction. The court did not err in giving the instruction as requested. See United States v. Gonzalez, 700 F.2d 196, 201 n.3 (5th Cir. 1983) (no plain error where court instructed jury as counsel requested); see also United States v. Fotovich, 885 F.2d 241, 242 (5th Cir. 1989) (unobjected-to use of pattern jury instruction was not plain error).

Hamlin argues that Bobby Flores, his lead counsel, rendered ineffective assistance. Because Hamlin's ineffectiveness claims were not presented to the district court, the record is insufficient to permit evaluation of these claims on direct appeal. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999); United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).

Hamlin contends that there was insufficient evidence to convict him. We review the sufficiency of the evidence de novo and conclude that a reasonable trier of fact could have concluded that Hamlin's participation in the conspiracy were established beyond a reasonable doubt. United States v. Brown, 186 F.3d 661, 664 (5th Cir. 1999); United States v. Myers, 104 F.3d 76, 78 (5th Cir. 1997).

Hamlin contends that the prosecution committed misconduct by using false evidence to indict and to convict him and by suppressing evidence. The argument concerning false grand jury

testimony, raised here for the first time, is fatally vague and unsupported.  Hamlin fails to show plain error or any effect on his substantial rights.  See <u>United States v. Olano</u>, 507 U.S. 725, 730-36 (1993).  The district court excluded the allegedly false trial evidence; it cannot support a misconduct claim.  The record does not show that any material evidence was suppressed.  <u>See</u> <u>Lawrence v. Lensing</u>, 42 F.3d 255, 257 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.