United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 03-20942
_____

BEKEE C. NWAKANMA, Doctor of Education,

Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, et al.,

Defendants,

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas - Houston Division
Civil Action No. H-01-4269

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Nwakanma raises five claims of error arising out of his Title VII suit, on which Appellees Rodriguez and the Texas Department of Criminal Justice ("TDCJ") prevailed in the district court. Specifically, Nwakanma contends the district court: (1) erred in granting partial summary judgment to Appellees on the basis that he failed to meet the minimum qualifications for an Internal Affairs Division position; (2) erred in denying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nwakanma's motion for default judgment; (3) erred in failing to determine whether Nwakanma was harassed, intimidated, or retaliated against for engaging in protected activities; and (4) erred in failing to address whether Nwakanma was denied fringe benefits, overtime, and compensatory time. Finally, Nwakanma argues that the jury verdict in Appellees' favor as to Nwakanma's claim relating to a position with the Youthful Offender Program was against the weight of the evidence. We DISMISS the appeal in part, and AFFIRM the judgment of the district court.

## Background

Nwakanma sued Appellees under 42 U.S.C. §§ 1981, 1983, 2000e (Title VII), and 12112, for discriminating against him based on his race and national origin in refusing to promote him to two supervisory positions. Nwakanma, a black male of Nigerian origin, works for the TDCJ as a supervisor in the Parole Division. On June 26, 2000, Nwakanma applied for a managerial position with the TDCJ's Internal Affairs Division. The listed qualifications for this job included that applicants be a currently licensed Texas Police Officer (or eligible to be licensed) by the Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE). Although Nwakanma was certified in firearms training, he did not hold the requisite certification. The applicant receiving the job held the appropriate certification, as well as more than fifteen years of peace officer experience.

2

In September of the same year, TDCJ advertised an opening for a program manager with its Youthful Offender Program. Minimum qualifications for the position included a bachelor's degree from an accredited college or university, five years of experience in counseling within criminal justice programs, and two years of experience in the supervision of employees. The announcement also stated a preference for major course work in behavioral science and sensitivity (and cultural) training. On September 13, 2000, Nwakanma applied for the position. His application included his educational background — a doctorate in education and over ten years of experience with the TDCJ Parole Division — as well as sixteen years of experience as a program administrator and nearly ten years of experience as a supervisor. Having met the minimum requirements for the position, Nwakanma was interviewed for the job. The interviewer, Diana Coates, ultimately did not recommend him for the job. Instead, Coates recommended Robert Seale for the position, based on his practical experience and his responses to interview questions.

After being denied both positions, Nwakanma filed suit in the district court against Appellees for discriminating against him in violation of federal law. After what Nwakanma perceived as procedural default by Appellees, Nwakanma moved for a default judgment, which the district court denied. The district court granted summary judgment to Appellees on the claim relating to the Internal Affairs Division job, and a jury rendered a verdict in

Appellees' favor on the claim relating to the Youthful Offender Program position. Nwakanma timely filed notice of appeal to this court.

## Internal Affairs Division Position

The district court granted partial summary judgment to Appellees on Nwakanma's claim that he was discriminated against in being denied the promotion to the managerial position with the Internal Affairs Division. We review a district court's summary judgment decision <u>de novo</u>, using the same standard as that court. <u>See</u> <u>Gowesky v. Singing River Hosp. Sys.</u>, 321 F.3d 503, 506 (5th Cir. 2003); Fed. R. Civ. P. 56.

Claims of racial discrimination based on circumstantial evidence are evaluated under the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). Under this formula, a plaintiff must first establish a prima facie case of discrimination by demonstrating: (1) he belongs to a racial minority; (2) he applied for and was qualified for the position sought; and (3) he suffered an adverse employment action; and (4) he was replaced by someone outside his protected class. <u>Cf.</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993). Nwakanma met his burden as to elements 1, 3, and 4 of this frame-work: Nwakanma is black, he was denied the promotion, and instead the TDCJ hired someone outside a protected class. However,

4

Nwakanma failed to offer any evidence that he was qualified for the position. Nwakanma offered only a TCLEOSE-issued firearms certificate; the position required all applicants to have valid TCLEOSE peace officer licenses. Because Nwakanma failed to offer competent summary judgment evidence that he met the second requirement, the district court properly awarded Appellees summary judgment as to the discrimination claim based on the Internal Affairs position.

### Youthful Offender Program Position

The district court determined that a material issue of triable fact existed as to Nwakanma's discrimination claim based on the position for which he was denied with the Youthful Offender Program. After a three-day trial, the jury found in Appellees' favor. Nwakanma challenges this jury verdict based on the sufficiency of the evidence.

Unfortunately, we must dismiss Nwakanma's appeal as to this claim. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record or transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2). Failure of an appellant to provide a complete transcript is a proper ground for dismissal of the appeal. Coats v. Pierre, 890 F.2d 728, 731 (5th Cir. 1989). Nwakanma

included only portions of the transcript in the record.  We thus dismiss this aspect of his appeal.[1]

## Motion for Default Judgment

Nwakanma appeals the district court's denial of his motion for default judgment, which was based on Appellees' supposedly untimely response to his complaint.  This act is reviewed for abuse of discretion.  Federal Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067, 1069 (5th Cir. 1988); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 318 (5th Cir. 1984).  Even assuming that Nwakanma's contention that Appellees filed their Answer four days late is true, Nwakanma suffered no prejudice in this delay.  Cf. Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984) (noting that default judgments are disfavored and should generally not be granted without more than a defendant's failure to meet a procedural time requirement).  The district court did not abuse its discretion in denying this motion.

## Denial of Fringe Benefits, Unfair and Disparate Treatment, and Disparate Effects

Nwakanma's original complaint included claims of denial of fringe benefits, unfair and disparate treatment, and disparate effects.  However, Nwakanma also filed an Amended Complaint which

---

[1] Even if we did not dismiss this aspect of the appeal, the record excerpts submitted by Nwakanma do not appear to meet the high threshold required to overturn the jury verdict.  See Hiltgen v. Sunrall, 47 F.3d 695, 700 (5th Cir. 1995) (explaining that a jury verdict must be upheld unless "there is no legally sufficient evidentiary basis for a reasonable jury to find" as it did).

6

did not raise these issues, either specifically or by incorporation. We will not address issues not raised below unless the newly raised issues concern pure questions of law and refusing to consider them will result in a miscarriage of justice. See Dollis v. Rubin, 77 F.3d 777, 779 n.2 (5th Cir. 1995). Nwakanma cannot meet this high burden, and we therefore will not address these claims that he now resurrects on appeal.

The appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED.**