United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10151
Summary Calendar

CLARENCE RANDOLPH BRYANT, also known
as Randy Bryant,

Plaintiff-Appellant,

versus

TOM CALLAHAN; GARY JOHNSON; GERALD GARRETT,
Chairman, Texas Pardon and Parole Board;
CECILIA PRINE, Supervisor, Wichita County
Divisional Parole Office; VICTOR RODRIGUEZ,
Director, Texas Department of Criminal Justice
Parole Division,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-15-R
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clarence Randolph Bryant, Texas prisoner #1060393, appeals

the jury verdict in favor of the defendants in his pro se, in

forma pauperis 42 U.S.C. § 1983 action. Bryant had alleged that

he was improperly confined in the Wichita County Jail 180 days

past the final discharge date on a five and a half year sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which was imposed following his conviction for driving while intoxicated. Bryant's motion for leave to file a reply brief out-of-time is GRANTED.

Bryant argues that the evidence was insufficient to support the jury's verdict. Bryant failed to move for judgment as a matter of law prior to or following the entry of the jury verdict as required by FED. R. CIV. P. 50(a). Accordingly, review is limited to plain error. United States ex rel. Wallace v. Flintco, Inc., 143 F.3d 955, 960 (5th Cir. 1998).

Bryant does not show plain error. The jury obviously chose to believe the defendants' witnesses that none of the named defendants were personally involved in Bryant's continued confinement. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Bryant avers that the trial court's jury instruction with regard to recklessness, intention, and omission of conduct was ambiguous and misleading. Because Bryant made no objection to the manner in which the court issued the jury charge, the error was not preserved, and review is for plain error. See FED. R. CIV. P. 51(c)(1); Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528, 531 (5th Cir. 2003).

The district court's instructions mirror this Circuit's pattern jury instructions. FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil), § 10.1 (Civil Rights) (West 2004). Unobjected-to use of

pattern jury instruction does not rise to plain error. <u>United States v. Fotovich</u>, 885 F.2d 241, 242 & n.1 (5th Cir. 1989). Further, as there was no evidence that the defendants were personally involved in Bryant's continued confinement, there is no reason to believe that the verdict was incorrect. <u>Hernandez</u>, 321 F.3d at 531.

We reject Bryant's argument that the district court erred in not granting his motion for a default judgment. Even if it is assumed that the defendants failed to produce documents, the district court did not abuse its discretion by choosing not to enter a default judgment because Bryant has failed to make any showing of prejudice. <u>Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. and Vicinity, AFL-CIO</u>, 726 F.2d 166, 168 (5th Cir. 1984).

Bryant avers that he was denied the right to "object" to the jury verdict. He contends that he was not aware of his right to object. This argument is conclusional. Bryant fails to state the basis for any objection to the jury verdict.

We also reject Bryant's argument that the district court erred in denying his motion for appointment of counsel. Bryant fails to identify the exceptional circumstances that would have justified the appointment of counsel. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1992). The judgment of the district court is AFFIRMED.