# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2012

Lyle W. Cayce
Clerk

No. 11-40444
Summary Calendar

J. UMOREN,

Plaintiff-Appellant

v.

PLANO INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:09-CV-413

Before HIGGINBOTHAM , DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pro se plaintiff J. Umoren appeals from the judgment of the district court dismissing his case alleging employment discrimination on summary judgment as well as multiple rulings made by the district court from the commencement of the proceedings until the end.   Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40444

## I.

Umoren was a substitute teacher in the Plano Independent School District (PISD). He alleges that he was terminated after complaining about various school district policies and practices related to substitute teachers, including requiring them to cover classes they did not agree to cover or assigning them to duties they did not agree to assume. After Umoren made complaints, he claims he received negative work evaluations to justify his termination. He also made claims that his race was a factor in these decisions.

Umoren sued the PISD, and its board of trustees, its human resources director, its director of compensation and diversity, a teacher at Robinson Middle School, and various unidentified defendants (collectively the Individual Defendants). Based on rulings made in response to defendants' motion to dismiss and motion for summary judgment, the district court dismissed all of Umoren's claims. Umoren appeals.

## II.

Umoren has filed this appeal pro se. His brief requests, in part, the adoption of previously filed legal and factual arguments in various district court pleadings. Umoren has abandoned these arguments by failing to argue them in the body of his brief. "Fed.R.App.P. 28(a)(4) requires that the appellant's argument contain the reasons he deserves the requested relief 'with citation to the authorities, statutes and parts of the record relied on.' " *Weaver v. Puckett,* 896 F.2d 126, 128 (5th Cir.), cert. denied, 498 U.S. 966 (1990) (citations omitted). "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir.1988) (citations omitted). Therefore, only the issues presented and argued in Umoren's briefs are addressed. See *Yohey v. Collins*, 985 F.2d 222, 224-225 (5th Cir. 1993).

No. 11-40444

**Motion to Dismiss**

Umoren argues first that the district court erred in granting the defendants' Motion to Dismiss. The district court dismissed all of Umoren's claims against Individual Defendant as well as all of the claims against the PISD except for this Title VII retaliation claim. Umoren's Title VII claims against the Individual Defendants were properly dismissed because "relief under Title VII is only available against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 340 n. 8 (5th Cir. 2003)(citing 42 U.S.C. § 2000e(b)'s definition of "employer"). Umoren's state law claims of retaliatory discharge and negligent/ intentional infliction of emotional distress are barred by the Texas Tort Claims Act which provides a limited waiver of immunity for certain suits against governmental entitles. For school districts, the waiver only encompasses tort claims involving the use or operation of a motor vehicle. *Bates v. Dallas Ind. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex. App.- Dallas 1997, writ denied.). Further, Tex.Civ. Prac. & Rem. Code § 101.106 mandates dismissal of the state law claims because the rule requires a plaintiff to make an irrevocable election to sue either the governmental unit or its employees. Pursuing both classes of defendants bars claims against both. *Field v. Dallas Cty. Schools*, 2007 WL 836863 *3-4 (N.D. Tex. 2007).

The district court also dismissed Umoren's claims of racial discrimination under Title VII. Umoren's Amended Complaint includes allegations of racial discrimination. However, as noted by the district court, Umoren did not include allegations necessary to establish a prima facie case of discrimination. In particular, he did not allege that he was replaced by a person who was not African-American. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The final class of claims dismissed via the Motion to Dismiss were Umoren's claims that he was terminated because he spoke out against the school district's policies and that this action violated his rights under the First

3

No. 11-40444

Amendment. The district court correctly concluded that this claim fails because the speech in question did not involve a matter of public concern. *James v. Texas Collin County*, 535 F.3d 365, 375-76 (5th Cir. 2008). An employee's communications that relate to his own job function up the chain of command, at least within his own department or division, fall within the official duties and are not entitled to first amendment protection. *Davis v. McKinney*, 518 F.3d 304, 313 n.3 (5th Cir. 2008). Accordingly Umoren's complaints within the school district are not protected speech. Umoren's complaints outside his workplace to the EEOC, Texas Workforce Commission and Texas Attorney General's Office also fail. The magistrate correctly noted that Umoren has not alleged any facts that would show his complaints were made by him as a private citizen, because all the comments related to his job duties and dissatisfaction with the school district's policies for substitute teachers. Accordingly his speech did not involve a matter of public concern. *Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993); *Terrell v. University of Texas Sys. Police*, 792 F.2d 1360, 1363 (5th Cir. 1986).

We decline to consider Umoren's contentions that the district court should have stricken the defendants' motion to dismiss as untimely, that the defendants should have filed a motion for more definite statement and that the district court's improper findings and conclusions impaired his case for failure to brief those positions. *Yohey*, 985 F.2d at 224-225.

**Motion to Compel**

Umoren challenges the district court's denial of his request for production and motion to compel from the defendants and nonparties. Again Umoren refers to arguments made in documents filed in the district court and fails to cite any authority for anything other than the standard of review on this issue. We decline to consider these arguments.

No. 11-40444

**Order Striking portions of Umoren's Second Amended Complaint**

Umoren challenges the district court's sua sponte order striking his Second Amended Complaint. The district court entered the order because "[t]he amended complaint continues to assert claims dismissed by the Court in recent orders." Any complaint about this action is moot because Umoren was allowed to file a Third Amended Complaint.

**Allowing PISD to file Answer to Third Amended Complaint Late**

Umoren appeals the district court's decision denying his objections to PISD filing its Answer to Umoren's Third Amended Complaint three days late. The district court did not abuse its discretion in considering the untimely filed answer since Umoren has not made any showing of prejudice as a result of the minor delay. *Mason & Hanger - Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 1678 (5th Cir. 1984).

**Cross Motions for Summary Judgment and Dismissal of Umoren's Title VII Claim**

On cross- motions for summary judgment, the district court granted the defendant's motion and denied the plaintiff's. Specifically, the district court found that Umoren had exhausted his retaliation claims only for the period between March 1, 2008 and May 10, 2008, failed to demonstrate that he participated in an activity protected under Title VII except as to one letter vaguely alleging discrimination, and failed to create an issue of fact as to whether there was a causal link between his protected activity and the adverse employment action. We agree with the district court's analysis of Umoren's failure to establish a prima facie case. In addition, the district court found that even assuming Umoren had established a prima facie case, the PISD offered sufficient non-pretextual and non-retaliatory reasons for his dismissal. The PISD offered numerous evaluation forms and affidavits from various teachers over a long period indicating Umoren's poor job performance. In addition, the

5

No. 11-40444

affidavits from those teachers state that the teachers were not aware of any discrimination or retaliation claims made by Umoren at the times when they completed their negative evaluations of his performance. Umoren offered no evidence to indicate that he was removed from his position for any reason other than poor performance reviews. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). His evidence of purported disparate treatment fails because he is not similarly situated to the substitute teachers to whom he compares himself. *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Finally, the district court did not abuse its discretion in denying Umoren's objections to PISD's motion as untimely. The judge has broad discretion to control his own docket and extend filing deadlines. Accordingly, the district court did not err by granting summary judgment in favor of the PISD on this issue.

**Failure to Recuse**

Finally, Umoren appeals the district court judge's failure to recuse himself or the magistrate judge under 28 U.S.C. § 455(a). Umoren's brief fails to identify any conduct of these judges that indicates bias or partiality and instead refers to documents filed in the district court. We decline to consider this inadequately briefed issue.

III.

For the foregoing reasons, the judgment of the district court is affirmed. AFFIRMED.