# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2012

Lyle W. Cayce
Clerk

No. 11-60762
Summary Calendar

RODNEY ROEBUCK,

Plaintiff-Appellant

v.

DIAMOND DETECTIVE AGENCY; PEGGY HOBSON CALHOUN, President
of the Hinds County Board of Supervisors,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-331

Before KING, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodney Roebuck, proceeding pro se, appeals the district court's dismissal of his complaint pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 against the Diamond Detective Agency (DDA) and the president of the Hinds County Board of Supervisors, Peggy Hobson-Calhoun. He contended in the complaint that the defendants conspired to deprive him of two firearms that belonged to him in violation of his right to due process. In dismissing Roebuck's complaint, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted the president of the Hinds County Board of Supervisors's motion for summary judgment and dismissed Roebuck's claims against DDA for failure to state a claim.

Roebuck asserts on appeal that the district court erred in denying his motion to reconsider, in which he argued that he had not replied to the motion for summary judgment because he had not received a copy of it before the district court rendered its decision.  However, the record indicates that the motion was mailed to Roebuck's last known address, and thus he has not shown that the district court abused its discretion in denying the motion to reconsider. *See Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000); *New York Life Insurance v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

Also, Roebuck argues that the district court erred in denying his motion for default judgment against DDA, in which he asserted that DDA filed its answer too late.  However, because DDA ultimately filed its answer and because Roebuck does not contend, nor does the record indicate, that Roebuck suffered any prejudice due to any delay, he has not shown that the district court abused its discretion in denying the motion.  *See* FED. R. CIV. P. 55(a); *Mason & Hanger-Silas Mason Co., Inc., v. Metal Trades Council of Amarillo, Tex. and Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984).

As to his claims arising under § 1981, Roebuck argues that the district court erred in denying the claims because the contracts of all persons, including white persons, are protected under §1981.  However, Roebuck does not now assert, nor did he assert in the district court, that the actions of the defendants were the result of any of the parties' race or ethnicity, as is required for a claim arising under § 1981.  *See Bellows v. Amoco Oil Co.,* 118 F.3d 268, 274 (5th Cir. 1997).

As to any claims arising under § 1985(2) and (3), Roebuck argues that the district court erred in denying those claims because the facts in his case meet the legal definition of a conspiracy.  However, because Roebuck has not alleged the

deprivation of any equal protection rights and because he alleges a conspiracy involving the state, rather than the federal, judicial process, he has not presented a cognizable claim pursuant to § 1985(2) or (3). *See McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987); *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

Finally, as to any claims arising under § 1983, Roebuck asserts that he was "deprived of his right of legal possession of the firearms for the purpose of limited jurisdiction, freedom from conspiracy under the color of law, due process and not be[ing] forced into involuntary servitude." Roebuck concedes that he does not know of any wrongdoing by Hobson-Calhoun, and he merely speculates that there was wrongdoing by other, unknown actors. Additionally, he contends generally that state actors conspired with private persons to engage in wrongful acts against him. He does not address the district court's determination that he failed to demonstrate that the return of the firearms to DDA was the result of a policy, custom, or practice of the County, either on its own or as part of a conspiracy with DDA.

Because Roebuck does not argue that any current or former president of the Hinds County Board of Supervisors was personally involved in the purportedly unconstitutional actions against him, he has not demonstrated that he is entitled to relief under § 1983 against the current or former president in his or her individual capacity. *See Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Additionally, because Roebuck does not allege or show that any wrongdoing was the result of a policy or custom of the County, he has not shown that he is entitled to relief under § 1983 against either the president of the Hinds County Board of Supervisors in his or her official capacity or DDA as a co-conspirator with the County. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166-67 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3059 (2011); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970).

In light of the foregoing, Roebuck has not shown that the president of the Hinds County Board of Supervisors was not entitled to a judgment as a matter of law, nor has he shown that he pleaded sufficient facts against DDA to state a claim for relief that was plausible on its face, and thus he has not shown any error in the district court's judgment. *See* FED. R. CIV. P. 56(a); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

AFFIRMED.