# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 11-41077
Summary Calendar

HUMBERTO HINOJOSA,

> Plaintiff–Appellant,

v.

UNITED STATES BUREAU OF PRISONS; WARDEN BASTROP, FEDERAL
CORRECTIONAL INSTITUTE; UNITED STATES OF AMERICA,

> Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-63

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Humberto Hinojosa appeals from the district court's decision to grant summary judgment to the United States and dismiss the claims against the Bureau of Prisons (BOP) and Warden Claude Maye, in a suit arising out of Hinojosa's contention that he was improperly deprived of his good-time credit, delaying his release from prison. Hinojosa has also petitioned for a writ of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41077

mandamus that he says must be granted before we can exercise appellate jurisdiction over his case. We conclude that the writ is inappropriate but that the district court lacked subject-matter jurisdiction over the claim against the United States, so we accordingly modify the dismissal of that claim to dismissal without prejudice. We affirm as to the claims asserted against the BOP, but we vacate and remand as to the claims asserted against Maye.

## I

On March 16, 2010, Hinojosa mailed a claim for administrative remedies to the BOP claiming that he was deprived of 210 days of earned statutory good-time credit. On March 23, acting pro se, he filed this suit against the BOP and the warden of Bastrop Federal Correctional Institute, later identified as Claude Maye, alleging the deprivation was due to the BOP's "negligence and irresponsibility," which also violated his due process rights. The BOP denied his administrative claim in a letter dated June 1. Hinojosa apparently served the complaint on the United States Attorney and Attorney General on October 12, though he later amended the complaint, with the final version filed November 30.

On January 5, 2011, the United States Attorney moved to substitute the United States as the sole defendant, as required for a claim under the Federal Tort Claims Act (FTCA).[1] The court granted the motion with respect to the negligence claim, left the original defendants in the case to defend the due process violation, and ordered the United States to respond within sixty days of the January 26 order, or March 28. On that day, the United States filed an answer while the other defendants moved for dismissal based on sovereign immunity (for the BOP) and the complaint's failure to state a claim and qualified

---

[1] *See* 28 U.S.C. § 2679.

No. 11-41077

immunity (for Maye). All parties eventually filed cross-motions for summary judgment.

The district court granted the motions to dismiss and granted summary judgment to the United States. Hinojosa filed a motion to alter and amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), but the district court struck the document based on a local rule. Hinojosa then appealed the judgment, but later asked us to remand, alleging that we lacked jurisdiction until the district court actually ruled on the Rule 59(e) motion. We denied the motion to remand, and Hinojosa then filed a petition for a writ of mandamus to require the district court to adjudicate the Rule 59(e) motion. In this decision, we address both that petition and the appeal.

## II

As an initial matter, Hinojosa suggests that we lack jurisdiction over his appeal because the district court never ruled on the Rule 59(e) motion to alter and amend the judgment.[2] There is, however, no such motion pending because the district court struck the motion based on its local rules. Hinojosa contends that decision was improper and therefore ineffective, so he petitions this court for a writ of mandamus to compel the district court to rule on the motion and thereby cure the claimed jurisdictional defect over this appeal. For us to issue this extraordinary writ, Hinojosa must show, among other things, that he has "'no other adequate means to attain the relief he desires.'"[3] If Hinojosa seeks only to ensure this court has jurisdiction, we need not grant the writ. To the extent Hinojosa seeks to have the issues raised in the motion considered, his appellate brief appears to raise the same issues as his motion, so our appellate

---

[2] *See* FED. R. APP. P. 4(a)(4).

[3] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)).

No. 11-41077

review should suffice to address his issues with the judgment below.  We deny the petition for writ of mandamus.

## III

There is a jurisdictional defect, however, as to the claims against the United States.  Under the FTCA, no damages action may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or been left undecided for six months.[4]  "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA"; such jurisdiction must exist *at the time of filing*.[5] As a waiver of sovereign immunity, the FTCA must be strictly construed, and consequently, claims under it must strictly comply with its terms.[6]  As a result, even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim.[7]

Hinojosa argues that the United States failed to raise this issue in the district court, but sovereign immunity is a question of subject-matter jurisdiction, and "'every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower court in a cause under review.'"[8]  Hinojosa also attempts to challenge the substitution of the United States as a party, asserting it was not done in compliance with FTCA

---

[4] 28 U.S.C. § 2675(a).

[5] *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)).

[6] *Id.* at 204.

[7] *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

[8] *Price*, 69 F.3d at 49 (quoting *Mocklin v. Orleans Levee Dist.*, 877 F.2d 427, 428 n.3 (5th Cir. 1989)).

4

No. 11-41077

requirements, but because he raises this issue for the first time in his reply brief, we will not consider it.[9]

Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue. The district court lacked jurisdiction to grant summary judgment, so its judgment must be modified to reflect a dismissal without prejudice.[10]

## IV

Hinojosa also appeals the dismissal of his claim against Warden Maye alleging violation of his constitutional right to due process. First, he contends that the motion to dismiss was untimely because it was not made within the proper time after service.[11] But Hinojosa amended his complaint while never furnishing proof that he served the amended complaint, preventing the district court from ascertaining the proper deadline for a response. Further, though Hinojosa eventually moved for a default judgment, he did not do so until after the motion to substitute parties had been filed. The district court took that motion as an indication that the defendants intended to defend the suit, and therefore it decided not to enter a default judgment.[12] The court set a date for the defendants to respond, and Warden Maye filed his motion by that date, so the district court did not err in considering the motion to dismiss on the merits.

---

[9] *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

[10] *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

[11] *See* FED. R. CIV. P. 12(a)(2)-(4).

[12] *See Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam) (noting that default judgments are generally disfavored and holding that it was not an abuse of discretion to deny a default judgment sought for delay in filing answer).

No. 11-41077

Second, Hinojosa argues that the district court incorrectly dismissed his complaint for failure to state a claim. "We review a district court's grant of a motion to dismiss for failure to state a claim de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff,'"[13] though we do not similarly accept legal conclusions.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] The federal-court pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16]

Hinojosa's second amended complaint alleges that "the Defendants through their negligence and irresponsibility" deprived him of some of his good-time credit without due process. The district court construed this as a *Bivens* claim against the warden,[17] a determination which Hinojosa has not contested on appeal. "Because vicarious liability is inapplicable to *Bivens* . . . suits, the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."[18] Hinojosa's complaint provides only conclusory allegations that "the Defendants" denied him his rights, without any factual matter to

---

[13] *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 570).

[16] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[17] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[18] *Iqbal*, 556 U.S. at 663 (citation omitted).

support the claim and with no mention of a specific violation by Warden Maye. As a result, the district court correctly dismissed the claim. However, the district court dismissed with prejudice. In the current procedural posture of this case, the district court should not have done so[19] because we cannot say based on this record that there is no possibility that Hinojosa can state a claim. We note that we do not decide whether a *Bivens* action may be brought for a federal official's denial of due process in connection with the calculation of good-time credits.[20] The parties did not brief in this court whether such a claim is cognizable and if so, under what circumstances.

Additionally, we vacate and remand rather than modify the judgment of dismissal from with prejudice to without prejudice as to Maye because it is not clear whether dismissal without prejudice would result in barring Hinojosa's claim under the statute of limitations.[21]

Hinojosa also named the BOP as a defendant, but he conceded before the district court that sovereign immunity bars that claim. He has asked in his reply brief to this court that we remand to allow him to name the BOP's director as a defendant instead. As noted earlier, we do not generally consider arguments raised for the first time in a reply brief. However, we do not reach this issue because we are vacating and remanding for further proceedings.

\* \* \*

---

[19] *See Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982).

[20] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("In 30 years of *Bivens* jurisprudence we have extended its holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, we have consistently rejected invitations to extend *Bivens* . . . .").

[21] *See Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

No. 11-41077

For the foregoing reasons, we DENY the petition for a writ of mandamus, MODIFY the judgment to dismiss without prejudice the claim against the United States, AFFIRM the dismissal of the claims against the  BOP, and VACATE and REMAND the dismissal of the claim against Maye.