# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2014

Lyle W. Cayce
Clerk

G & C LAND,

Plaintiff-Appellant,

v.

FARMLAND MANAGEMENT SERVICES,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-134

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant G&C Land ("G&C") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Farmland Management Services ("Farmland") in this suit arising out of an agricultural lease agreement. For the reasons stated herein, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10046

## I.

Plaintiff-Appellant G&C is a Texas general partnership engaged in the farming business. Defendant-Appellee Farmland is a California corporation engaged in the business of leasing farmland for landowners. On June 7, 2007, G&C and Farmland entered into an Agricultural Sublease (the "Lease") involving over 5,000 acres of farmland in Yoakum County, Texas (the "Property"). The term of the Lease was for five years. G&C took possession of the Property in 2007 and maintained possession until the expiration of the Lease's term at the end of the fifth crop season in 2011.

At the time that G&C took possession of the property, the irrigation system on the property was run by diesel-powered generators. Despite the unavailability of electricity at the time of contracting, Farmland's agents represented to G&C that Farmland intended to make electricity available to power the irrigation system by the second year. According to G&C, Farmland's agent David Baughman represented that "within a year, we will have [electricity]. We probably won't get it this year, but by our second year we are going to get the electricity put in this farm. We already have the money set back in an account to do that. And that is our intentions [sic]."

During the term of the Lease, Farmland's agents made numerous attempts to have electrical services extended to the Property. Specifically, Farmland's agents engaged in multiple negotiations with the Lea County Electrical Cooperative, the local electric supplier, to have electricity provided to the Property. Despite these efforts, electrical services were not extended to the Property until the fifth year of the Lease. Consequently, for almost the entirety of the Lease's term, the irrigation system on the Property was powered by diesel-powered generators, which far exceeded the cost of those powered by electricity.

2

No.  14-10046

Based on the foregoing, G&C sued Farmland in state court asserting claims for common law fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex.  Bus.  & Com.  Code § 17.41 *et seq.*  On August 6, 2012, shortly after 10:00 A.M., G&C was granted a default judgment when Farmland failed to timely respond to G&C's petition.  Less than two hours later on the same day, Farmland electronically filed, in lieu of an answer, a notice of removal with the United States District Court for the Northern District of Texas.  Farmland then filed a motion to set aside the default judgment, which was subsequently granted by the district court on October 12, 2012.

Thereafter, G&C filed a motion to amend its complaint seeking to add several non-diverse defendants that were Farmland's agents, representatives or employees.   The district court found, *inter alia,* that G&C sought amendment for the purpose of destroying diversity and denied its motion for leave to amend.

Farmland filed a motion for summary judgment contending that G&C's claims failed as a matter of law.  Specifically, Farmland argued that G&C failed to produce sufficient evidence to support its claim for common law fraud, failed to demonstrate that the misrepresentations were of an existing fact to give rise to a claim for negligent misrepresentation, and G&C's claims brought pursuant to the DTPA were barred by the applicable statute of limitations. The district court granted Farmland's motion and entered summary judgment in its favor.  Thereafter, G&C filed this appeal arguing that the district court erred in (1) setting aside the default judgment, (2) denying it leave to amend its complaint, and (3) granting summary judgment in Farmland's favor.

No. 14-10046

## II.

## A.

First, G&C contends that the district court erred by setting aside the default judgment. G&C does not challenge the district court's findings as to whether setting aside the judgment would be prejudicial or whether Farmland presented a meritorious defense. Instead, G&C argues that the district court erred when it found that Farmland's failure to timely answer the complaint or file a notice of removal was not willful, but rather, the result of excusable neglect. Farmland responds that the district court properly found that its failure to timely answer G&C's petition was not willful.

The decision to set aside a previously entered judgment is one reserved to the sound discretion of the district court. *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992). Therefore, we review a district court's decision to set aside a default judgment for abuse of discretion. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992). Factual determinations underlying the district court's decision are reviewed for clear error. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

A district court may set aside a default judgment when the defendant demonstrates that "good cause" exists to do so. *CJC Holdings*, 979 F.2d at 64. The entry of default judgments are "generally disfavored in the law" and therefore, "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). When determining whether to set aside a default judgment, district courts are directed to consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *CJC Holdings*, 979 F.2d at 64.

4

No. 14-10046

On the record presented, we conclude that the district court did not clearly err in finding that Farmland's failure to timely respond to the pleadings was not willful, but the result of excusable neglect. A party acts willfully when it intentionally fails to respond to the pleadings. *See Lacy*, 227 F.3d at 292. The record reveals that Farmland intended to timely respond to the lawsuit but failed to do so due to, among other things, the need to conduct further research to determine whether the case was removable based on diversity. This resulted in Farmland missing the state court deadline by less than two hours when it filed its notice of removal. Consequently, the district court did not clearly err by resolving any doubts "in favor of [Farmland] to the end of securing a trial upon the merits." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Accordingly, we hold that the district court did not abuse its discretion by setting aside the default judgment. *CJC Holdings*, 979 F.2d at 63.

## B.

G&C next contends that the district court erred by not allowing it to amend its complaint to include non-diverse defendants which, if joined, would have destroyed diversity jurisdiction. Without citing to applicable law or the record for support, G&C argues that its request for leave was not dilatory because it filed its motion within the deadline found in the court's scheduling order. G&C further accuses the district court of denying it leave to preserve the court's decision to set aside the default judgment.

We review a denial of leave to amend a complaint for abuse of discretion. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir. 2013).

"Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to

5

manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003); *see also* Fed. R. Civ. P. 15(a)(2). When a party seeks leave to amend for the purpose of joining non-diverse parties, the district court "must scrutinize [the] amendment . . . more closely than an ordinary amendment." *Priester*, 708 F.3d at 679 (quoting *Short v. Ford Motor Co.*, 21 F.3d 1107 (5th Cir. 1994)). "This is because the court's decision will determine the continuance of its jurisdiction." *Id.* (internal quotations omitted).

In *Hensgens v. Deere & Co.*, this court directed district courts to exercise discretion when deciding whether to join a non-diverse party. 833 F.2d 1179, 1182 (5th Cir. 1987). The court articulated several factors that district courts should consider when exercising this discretion, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

After weighing the *Hensgens* factors, the district court found that the factors tipped in favor of denying G&C leave to amend its complaint. First, the district court found that G&C sought amendment for the purpose of destroying diversity jurisdiction because G&C's allegations were not aimed at the non-diverse defendants individually, but at the defendants collectively. Furthermore, the district court found that G&C was aware of the identities and activities of the non-diverse defendants before it filed suit in state court and only chose to add them as parties to the suit after the proceedings were removed to federal court. Second, the district court found that G&C had been dilatory in its request because it waited over four months after Farmland removed the case to federal court, and over two months after the court set aside the default judgment to seek leave to amend. Third, the district court found

No. 14-10046

that G&C would not be significantly injured if amendment were not allowed because Farmland agreed to file, and subsequently did file, an amended answer in which it admitted that it was liable for the acts and omissions of the non-diverse defendants who were acting as Farmland's agents, representatives or employees. The district court further found that G&C could pursue its claims against the non-diverse defendants in state court. After review, we see no abuse of discretion in the district court's analysis or decision to deny G&C leave to amend its complaint. *Priester*, 708 F.3d at 672.

## C.

Finally, G&C contends that the district court erred by granting Farmland's motion for summary judgment. G&C argues that the district court improperly characterized Farmland's alleged misrepresentations as promises of future action. G&C further argues that its claims brought pursuant to the DTPA were not time-barred.[1]

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] G&C argues for the first time on appeal, that its claims brought pursuant to the DTPA are not barred by the applicable two-year statute of limitations because the misrepresentations at issue were continuous in nature. G&C did not raise this argument in the district court. Indeed, G&C did not respond at all to Farmland's contention that its claims were time-barred. "Under this Circuit's general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate extraordinary circumstances." *French v. Allstate Indem. Co.*, 637 F.3d 571, 582–83 (5th Cir. 2011) (citation omitted); *see also State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009). G&C makes no argument or showing of extraordinary circumstances in this case. *French*, 637 F.3d at 582–83. Accordingly, we decline to consider this argument raised for the first time on appeal.

The district court's jurisdiction was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. In a diversity action, a federal court applies the substantive law of the state in which it sits. *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009). Therefore, we look to Texas law to review the district court's judgment. *Id.*

The district court held that G&C's claims for common law fraud and negligent misrepresentation failed as a matter of law, noting that both claims were predicated on Farmland's promise of future performance rather than statements of existing fact. We agree. It is undisputed that at the time that G&C entered into the Lease, the irrigation system was run on diesel-powered generators and that electrical services had not been extended to the Property by the Lea County Electrical Cooperative. It is also undisputed that Farmland's agents represented that electrical services would be provided by the second year of the Lease's term, *i.e.*, at a time in the future. Accordingly, Farmland's misrepresentations were promises of future performance and not representations of existing fact.

Under Texas law, a promise of future performance is actionable fraud if the promise was made with no intention of performing at the time that it was made. *See In re Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir. 1994); *see also Stanfield v. O'Boyle*, 462 S.W.2d 270, 272 (Tex. 1971). The district court found, and we agree, that G&C failed to present evidence to demonstrate that Farmland did not intend to have electrical services extended to the Property at the time that the promise was made. To the contrary, the record reveals that Farmland's agents made numerous efforts to have electrical services provided to the Property and that G&C was aware of these efforts. G&C does not point to any evidence in the record to raise a genuine issue of material fact to demonstrate Farmland's fraudulent intent. *See* Fed. R. Civ. P. 56(a).

Therefore, summary judgment was appropriate on G&C's common law fraud claim.

Finally, "under Texas law, promises of future action are not actionable as a negligent misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012) (per curiam) (unpublished) (citing *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)).    In light of our finding that Farmland's representations were promises of future performance and not statements of existing fact, we hold that the district court did not err in rendering summary judgment in favor of Farmland on G&C's negligent misrepresentation claim.

**III.**

For the foregoing reasons, the district court's judgment is in all respects AFFIRMED.